**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

**LEGACY POOLS, LLC,**

CASE NO. 6:22-bk-03123-LVV
**CHAPTER 11**

*Subchapter V Election*

Debtor.
_____/

**DEBTOR'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY**
**PURSUANT TO BANKRUPTCY RULE 9019**

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young United States Federal Building and Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801 within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify your of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

**LEGACY POOLS, LLC** ("**Legacy**" or "**Debtor**"), moves this Court, pursuant to 11 U.S.C. §105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for an Order approving the settlement and compromise reached between the Debtor, **JAMES AND ALEXANDRA PACIELLO** (collectively "**Paciello**") (the Debtor and Paciello are collectively referred to herein as the "**Parties**" – where appropriate), which settlement resolves various matters between them as set forth in the settlement agreement (the "**Settlement Agreement**" or "**Agreement**") attached hereto as **Exhibit "A"**. In support of this motion, Debtor states as follows:

1

## Background

1.  On August 30, 2022 (the "Petition Date"), Legacy filed its voluntary petition to reorganize its financial affairs under Chapter 11 of the Bankruptcy Code, which case is pending at Case No. 6:22-bk-03123-LVV (the "Bankruptcy Case") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court").

2.  Paciello is the owner of certain real property located at 13322 Alderly Drive, Orlando, Florida 32832, hereinafter referred to as the "Property".

## MATERIAL TERMS OF THE SETTLEMENT AGREEMENT

3.  As a result of the good-faith, arms-length negotiations, the Parties have reached a compromise and settlement, the approval of which will avoid substantial litigation costs and aid in reduction of claims against the Debtor's estate. For convenience, a summary of the terms of the settlement are set forth herein, but reference should be made to the form of the Settlement Agreement for the actual terms of the proposed settlement.[1] The settlement on the terms set forth in the Agreement meets all applicable legal standards and is well within the appropriate range of reasonableness.

4.  The salient provisions of the Agreement are as follows:

    (a) **Termination of Construction Agreement**. Upon entry of a final order by the Bankruptcy Court approving this Agreement, the Construction Agreement shall be terminated and or no further force and effect. The Parties stipulate and agree that the termination of the Construction Agreement shall be effective as of the Petition Date.

    (b) **Mutual Releases**. Each of the Parties to this Settlement Agreement, and their assigns, successors, heirs, agents, offices, directors, members, managers, employees, administrators, subsidiary entities, personal representatives and attorneys, do hereby release and forever discharge

---

[1] If any discrepancy exists between this summary and the Agreement, the terms in the Agreement, a copy of which is attached hereto as **Exhibit "A"**, shall control.

2

each other, and each of their assigns, successors, heirs, agents, officers, directors, members, managers, employees, administrators, subsidiary entities, personal representatives and attorneys, from any and all actions or causes of action in law or in equity, suits, debts, claims, rejection damages claims, liens, contracts, agreements, promises, guarantees, liabilities, claims, set offs, refunds, demands, overpayments, losses, costs, expenses and rights of any other nature, known or unknown, fixed or contingent, from the beginning of time to the date hereof; however, nothing contained in this paragraph shall release the Parties from their respective covenants, obligations and agreements set forth in this Agreement, or any other documents executed pursuant to this Agreement.

## BASIS FOR RELIEF REQUESTED

### *The Agreement Satisfies the Justice Oaks Factors*

5.  Through this motion, the Parties request that this Court enter an Order approving the Agreement to permit the amicable resolution of claims between them. "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). As a matter of policy, compromises and settlements are favored in order to minimize litigation and expedite the administration of the bankruptcy estate. *Munford v. Munford (In re Munford, Inc.)*, 97 F.3d 449, 455 (11th Cir. 1996).

6.  When considering settlements for approval under Bankruptcy Rule 9019, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998); *In re Gallagher*, 283 B.R. 342, 346 (Bankr. M.D. Fla. 2002). The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005). These factors are as follows: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; and (iv) paramount interests of creditors and proper deference to their reasonable views. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990).

7. It is not necessary for a bankruptcy court to explicity consider all four *Justice Oaks* factors when approving a proposed settlement. *Chira v. Saal, et al.* (*In re Chira*), 567 F.3d 1307, 1313 (11th Cir. 2009) (affirming bankruptcy court's approval of settlement agreement where bankruptcy court explicitly evaluated only two of the four Justice Oaks Factors.) Also, a bankruptcy court is not obligated to actually rule on the merits of the various claims or conduct a "mini trial" on the merits of the underlying action. *In re Van Diepen, P.A.*, 236 F. Appx. 498, 503 (11th Cir. 2007) see also, *In re Soderstrom*, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012). Rather, settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

8. The Parties submit that the Agreement overwhelmingly satisfies the *Justice Oaks* factors. The Agreement is the product of arms-length settlement discussions and negotiations between the Parties. The Parties submit that the Agreement is the direct result of the exercise of their business judgment and is in the best interests of the Debtor's estate when considering the uncertainties, significant expense, and potential delay involved in resolving the various claims between them. As such, the Parties believe that the compromise set forth in the Agreement is reasonable and falls well above the lowest point on the range of reasonableness as required by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and applicable case law. *See Id.* at 1016 (quoting *In re W.T. Garant Co.*, 699 F.2d 599 (2d Cir. 1983). The Parties' analysis of the applicable *Justice Oaks* factors is set forth in further detail below.

9. ***The Probability of Success in the Litigation***. The first *Justice Oaks* factor reflects the Supreme Court's view that a court should form an "intelligent and objective opinion" of the probability of success in the underlying litigation and inherent costs in such litigation. *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

4

In fact, some courts have identified this factor as most important in determining the reasonableness of a settlement under Bankruptcy Rule 9019(a). *In re Adelphia*, 327 B.R. 143, 160 (Bankr. S.D.N.Y. 2005) (This factor. . . is in my view the most important factor, and I weigh it accordingly.").

10. In analyzing this factor, the Parties have considered the potential results which could be obtained with respect to litigation between them. All things considered, Debtor has considered the probability of success and potential costs associated with a potential claim objection and believes that the net benefit to its estate from the Settlement is on par (or greater than) what it could expect if litigation of the claim objection is ultimately pursued to final judgment. The Debtor believes that its analysis of the probability of success and attendant costs of litigation under the first *Justice Oaks* factors supports a finding that the Agreement is fair and equitable and well above the lowest point on the range of reasonableness.

11. ***The Difficulties of Collection***. With respect to the difficulties of collection against Paciello, considering the litigation between the Parties concerns a potential claim objection and not an affirmative claim for damages by the Debtor against Paciello, the second *Justice Oaks* factor weighs neither in favor of, nor against, a finding that the Agreement is fair and equitable.

12. ***The Complexity of Litigation***. In evaluating the reasonableness of a settlement, a court should "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *TMT Trailer*, 390 U.S. at 424.

13. Here, litigation between the Parties are not particularly complex, but the Debtor would be forced to incur the costs of litigation if it intended to pursue a claim objection against Paciello. The proposed settlement bypasses the possibility of contentious and costly litigation and resolves all issues between the Parties immediately without any substantial fees or costs incurred by

the Debtor. Consequently, Debtor submits that this factor also weighs in favor of approving the Agreement.

14. ***The Interests of the Creditors***. In considering the paramount interest of the creditors, the Debtor necessarily weighed all of the *Justice Oaks* factors. In this case, the Agreement provides an immediate resolution and reduction of claims against the estate without the need to assume the costs or risks of litigating the claim objection to conclusion. Thus, after considering all the attending factors, Debtor believes the proposed settlement is reasonable and in the best interests of its estate and creditors.

### *Conclusion*

15. In light of the above, Debtor submits that the Agreement not only surpasses the minimum threshold of reasonableness necessary to warrant approval, but it represents the best possible outcome for the Debtor, its estate, and all creditors.

**WHEREFORE**, the Creditor respectfully request that the Court enter an order approving the proposed settlement, authorizing the parties to consummate the settlement pursuant to the terms of the Agreement, and granting such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 27th day of September 2022.

/s/ Daniel A. Velasquez
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lathamluna.com
**Latham, Luna, Eden & Beaudine, LLP**
201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800;
Facsimile: 407-481-5801
*Attorneys for the Legacy Pools, LLC*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

LEGACY POOLS, LLC,

CASE NO. 6:22-bk-03123-LVV
CHAPTER 11

*Subchapter V Election*

Debtor.
_____/

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing, together with all exhibits, has been furnished either electronically or by facsimile and by U.S. First Class, postage prepaid mail to James and Alexandra Paciello, 13322 Alderley Drive, Orlando, Florida 32832, jamespaciello@hotmail.com; all creditors and parties in interest identified on the attached Local Rule 1007-2 creditor matrix, all parties who receive notice via CM/ECF in the ordinary course; and the U.S. Trustee, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, this 27th day of September 2022.

/s/ Daniel A. Velasquez
Daniel A. Velasquez, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:22-bk-03123-LVV<br>Middle District of Florida<br>Orlando<br>Tue Sep 27 16:40:52 EDT 2022 | Ally Financial<br>P.O. Box 380901<br>Minneapolis, MN 55438-0901 | American Express<br>P.O. Box 981535<br>El Paso, TX 79998-1535 |
| Ewing Irrigation &<br>Landscape Supply<br>Parker Law Firm Attn: Mike Allen<br>11801 N. Tatum Blvd. Ste 229<br>Phoenix, AZ 85028-1642 | Fernanda Cocicov<br>C/O Gilbert Garcia Group, P.A.<br>2313 W. Violet St.<br>Tampa, Florida 33603-1422 | Florida Water Products<br>2720 Center Place<br>Melbourne, FL 32940-7130 |
| Ford Credit<br>P.O. Box 452000<br>Omaha, NE 68154-8000 | Guniters LLC<br>415 Page St.<br>Orlando, FL 32806-4045 | Keystone Equipment Finance Corp.<br>P.O. Box 330429<br>West Hartford, CT 06133-0429 |
| MCA Servicing Company<br>1617 SE 11th Street<br>Fort Lauderdale, FL 33316-1443 | North Dow LLLP<br>c/o Law Offices of Malinda L. Hayes<br>378 Northlake Blvd. #218<br>North Palm Beach, FL 33408-5421 | Prestige Gunite<br>3825 Selvitz Rd.<br>Fort Pierce, FL 34981-4726 |
| Pursuit Investments<br>2073 Sorento Circle<br>Melbourne, FL 32904-3113 | SCP Distributors<br>485 Distribution Drive, W.<br>Melbourne, FL 32904-1110 | Samson MCA LLC<br>17 State Street<br>6th Floor<br>New York, NY 10004-1501 |
| Sara Wong-Soi<br>Carl J. Hognefelt, Esq.<br>C/o Amethyst Law Group<br>100 S. Ashley Dr. Ste. 600<br>Tampa, FL 33602-5300 | Sean Mann<br>Carl J. Hognefelt, Esq.<br>C/o Amethyst Law Group<br>100 S. Ashley Dr. Suite 600<br>Tampa, FL 33602-5300 | Shalom and Carmen Einhorn<br>c/o Paul F. Daley, Esq.<br>Stewart Law CS LLC<br>1033 Florida Avenue<br>Rockledge, FL 32955-2138 |
| Stefan Peterson<br>c/o ALDO G. BARTOLONE, JR.<br>BARTOLONE LAW PLLC<br>1030 N. Orange Ave., Suite 300<br>Orlando, FL 32801-1004 | U.S. Small Business Admin.<br>233 Peachtree Street NE<br>Suite 1800<br>Atlanta, GA 30303-1508 | End of Label Matrix<br>Mailable recipients    19<br>Bypassed recipients    0<br>Total                  19 |

# Exhibit "A"

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "**Settlement Agreement**" or "**Agreement**"), is made and entered into, by and between **LEGACY POOLS, LLC** ("**Legacy**"), a Florida limited liability company and **JAMES AND ALEXANDRA PACIELLO** (collectively "**Paciello**") (Legacy and Paciello are hereinafter collectively referred to as the "**Parties**" – where appropriate). The Parties enter into this Agreement with reference to the following facts and recitals:

### RECITALS

1.  **WHEREAS,** on August 30, 2022 (the "**Petition Date**"), Legacy filed its voluntary petition to reorganize its financial affairs under Chapter 11 of the Bankruptcy Code, which case is pending at Case No. 6:22-bk-03123-LVV (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "**Bankruptcy Court**").

2.  **WHEREAS,** Paciello is the owner of certain real property located at 13322 Alderley Drive, Orlando, Florida 32832, hereinafter referred to as (the "**Property**").

3.  **WHEREAS,** the Parties entered into an agreement for the construction of an in-ground swimming pool at the Property (the "**Construction Agreement**").

4.  **WHEREAS,** following arms-length negotiations the Parties reached a compromise and settlement which resolves all claims and issues between them and avoids litigation.

### AGREEMENT

**NOW THEREFORE**, in consideration of the foregoing recitals and the mutual promises contained herein, the receipt and sufficiency of each of which is hereby acknowledged by each party hereto, the Parties hereby agree as follows:

(1) **Incorporation of Recitals**. The foregoing Recitals are incorporated herein by reference and made a part of this Settlement Agreement.

(2) **Representations**. On behalf of themselves, each of the Parties hereby warrant, covenant, and represent to the other that the full execution and delivery of this Agreement was

duly authorized and that the terms contemplated hereby, constitute valid and legally binding and enforceable obligations of that respective party. No other consent, approval, or other action by any entity, person, group of persons, or governmental authority is required with the execution, delivery and performance of this Agreement by the Parties, except as otherwise stated herein. Prior to entering into this Agreement, the Parties performed their own investigation and have entered into this Agreement based upon that investigation. None of the Parties were induced to enter into this Agreement by any representations of any other party other than those representations expressly set forth in this Agreement. Except as otherwise stated in this Agreement, the covenants exchanged herein are executed without reliance upon any statement or representation of any of the Parties concerning the nature, merit, legal liability, or value of any claim or claims releases herein, or any other matter.

(3)     **Termination of Construction Agreement**. Upon entry of a final order by the Bankruptcy Court approving this Agreement, the Construction Agreement shall be terminated and or no further force and effect. The Parties stipulate and agree that the termination of the Construction Agreement shall be effective as of the Petition Date.

(4)     **Mutual Releases.** Each of the Parties to this Settlement Agreement, and their assigns, successors, heirs, agents, offices, directors, members, managers, employees, administrators, subsidiary entities, personal representatives and attorneys, do hereby release and forever discharge each other, and each of their assigns, successors, heirs, agents, officers, directors, members, managers, employees, administrators, subsidiary entities, personal representatives and attorneys, from any and all actions or causes of action in law or in equity, suits, debts, claims, rejection damages claims, liens, contracts, agreements, promises, guarantees, liabilities, claims, set offs, refunds, demands, overpayments, losses, costs, expenses and rights of any other nature, known or unknown, fixed or contingent, from the beginning of time to the date hereof; however, nothing contained in this paragraph shall release the Parties from their respective covenants,

obligations and agreements set forth in this Agreement, or any other documents executed pursuant to this Agreement.

(5)     **Miscellaneous.**

(a)     **Governing Law; Jurisdiction**. The Settlement Agreement is to be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without giving effect to the principles of comity or conflicts of laws thereof. In the event any litigation or other formal legal or equitable proceeding (collectively, "**Litigation**") between or among any of the parties hereto (or their affiliates, officers, directors, agents, successors, or assigns) is instituted in connection with the construction, interpretation, or enforcement of this Agreement, such action shall be brought before the Bankruptcy Court. Each party hereby waives the claim or defense that any such court in which such Litigation is properly commenced as provided for herein constitutes an inconvenient forum.

(b)     **Effect of Delay and Waivers**. No delay or omission to exercise any right or power accruing prior to or upon any breach, omission, or failure of performance hereunder shall impair any such right or power, or shall be construed to be a waiver thereof, and any such right or power may be exercised from time to time and as often as may be deemed expedient. In the event of any breach of any provision contained in the Settlement Agreement and/or ancillary agreements otherwise referred to herein, by a party hereto, thereafter, waived by another party, such waiver shall be limited to the particular waiving party and to the particular breach in question and no other. No waiver or release of any term or provision of the Settlement Agreement shall be established by conduct, custom, or course of dealing, but solely by a document in writing duly authorized and executed by the waiving or releasing party.

(c)     **Notices**. Whenever any party hereto desires or is required to provide any notice, demand, or request with respect to the Settlement Agreement, each such communication shall be in writing and shall be effective only if it is delivered by personal service (which shall

include delivery by delivery service, express mail delivery service, email, or telefax) or mailed, by United States certified mail, postage prepaid, and addressed as follows:

| | |
|---|---|
| If to Legacy: | Daniel A. Velasquez, Esq.<br>Latham, Luna, Eden & Beaudine, LLP<br>201 S. Orange Avenue, Suite 1400<br>Orlando, Florida 32801<br>dvelasquez@lathamluna.com |
| If to Paciello: | James and Alexandra Paciello<br>13322 Alderley Drive<br>Orlando, Florida 32832<br>jamespaciello@hotmail.com |

Such communications, when personally delivered, shall be effective upon receipt, but, if sent by certified mail in the manner set forth above, shall be effective three (3) business days following deposit in the United States mail. Any party may change his/its address for such communications by giving notice thereof to the other parties in accordance with the requirements of this section.

(d) **Severability**. If any provision of the Settlement Agreement is ultimately determined to be invalid or unenforceable, such provision shall be deemed limited by construction in scope and effect to the minimum extent necessary to render the same valid and enforceable, and, in the event no such limiting construction is possible, such invalid or unenforceable provision shall be deemed severed from the Settlement Agreement without affecting the validity of any other provision hereof.

(e) **Entire Agreement**. The Settlement Agreement and all other documents executed and delivered by the parties hereto to consummate the transactions contemplated herein, constitute the entire understanding and agreement of the parties hereto with respect to the subject matter thereof, and supersede all prior written and contemporaneous oral agreements, understandings, inducements, and conditions, express or implied, among the parties with respect thereto. The express terms of the Settlement Agreement control and supersede any course of performance or usage of trade inconsistent with any of the terms hereof.

(f) **Counterparts**. The Settlement Agreement may be executed in any number of counterparts, each of which shall be an original as against any party whose signature appears thereon, and all of which together shall constitute one and the same agreement.

(g) **Construction of Agreement**. The Settlement Agreement has been negotiated by the respective parties hereto, and the language hereof shall not be construed for or against any party. The titles and headings herein are for convenience and reference only and shall not in any manner limit the construction of the Settlement Agreement which shall be considered as a whole. All additions or deletions of provisions from and all drafts of the Settlement Agreement shall be of no force or effect in interpreting the terms of the Settlement Agreement or the intentions of the parties hereto.

(h) **Settlement Purposes Only**. This Settlement Agreement represents a negotiated settlement of a dispute and, as such, in the event the Settlement Agreement does not become binding upon the Parties hereto, contents of the Settlement Agreement and the results obtained thereby shall, except as to any litigation seeking to enforce the Settlement Agreement, be of no force and effect and shall have no evidentiary value in any future litigation on any of the subjects or events described herein.

(i) **Non-Admission of Liability**. The Parties understand and agree that the execution of this Agreement by the Parties will not constitute or be construed as an admission of any wrongdoing or liability whatsoever by any party unless otherwise specified herein.

(j) **Bankruptcy Court Approval**. The Parties are entering into this Agreement to compromise any and all disputes, controversies, claims and issues between them, and if this compromise is not approved by the Bankruptcy Court, then this Settlement Agreement shall be null and void and shall not be deemed an admission by either party. The Parties shall bear their own fees and costs for the pursuit of Bankruptcy Court approval of this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have duly executed the Settlement Agreement as of the dates set forth below.

_____    _____
**LEGACY POOLS, LLC**                **JAMES PACIELLO**

By: _Charles Black_                  Date:_____
Its: _President_
Date: _9/26/22_


_____
**ALEXANDRA PACIELLO**

Date:_____

IN WITNESS WHEREOF, the Parties hereto have duly executed the Settlement Agreement as of the dates set forth below.

**LEGACY POOLS, LLC**

By: _____
Its: _____
Date: _____

**JAMES PACIELLO** _/s/_

Date: _9/22/22_

**ALEXANDRA PACIELLO** _/s/_

Date: _9/22/22_