**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

**LEGACY POOLS, LLC,**

CASE NO. 6:22-bk-03123-LVV
CHAPTER 11

*Subchapter V Election*

    **Debtor.**
_____/

**DEBTOR'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY**
**PURSUANT TO BANKRUPTCY RULE 9019**

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at George C. Young United States Federal Building and Courthouse, 400 West Washington Street, Suite 5100, Orlando, Florida 32801 within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify your of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

    **LEGACY POOLS, LLC** ("**Legacy**" or "**Debtor**"), moves this Court, pursuant to 11 U.S.C. §105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for an Order approving the settlement and compromise reached between the Debtor and **JUAN IZQUIERDO** (collectively "**Izquierdo**") (the Debtor and Izquierdo are collectively referred to herein as the "**Parties**" – where appropriate), which settlement resolves various matters between them as set forth in the settlement agreement (the "**Settlement Agreement**" or "**Agreement**") attached hereto as **Exhibit "A"**. In support of this motion, Debtor states as follows:

1

**Background**

1. On August 30, 2022 (the "Petition Date"), Legacy filed its voluntary petition to reorganize its financial affairs under Chapter 11 of the Bankruptcy Code, which case is pending at Case No. 6:22-bk-03123-LVV (the "Bankruptcy Case") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court").

2. Izquierdo is the owner of certain real property located at 2917 Jebidiah Loop, Saint Cloud, Florida 34772, hereinafter referred to as (the "**Property**").

**MATERIAL TERMS OF THE SETTLEMENT AGREEMENT**

3. As a result of the good-faith, arms-length negotiations, the Parties have reached a compromise and settlement, the approval of which will avoid substantial litigation costs and aid in reduction of claims against the Debtor's estate. For convenience, a summary of the terms of the settlement are set forth herein, but reference should be made to the form of the Settlement Agreement for the actual terms of the proposed settlement.[1] The settlement on the terms set forth in the Agreement meets all applicable legal standards and is well within the appropriate range of reasonableness.

4. The salient provisions of the Agreement are as follows:

(a) **Termination of Construction Agreement**. Upon entry of a final order by the Bankruptcy Court approving this Agreement, the Construction Agreement shall be terminated and or no further force and effect. The Parties stipulate and agree that the termination of the Construction Agreement shall be effective as of the Petition Date.

(b) **Mutual Releases**. Each of the Parties to this Settlement Agreement, and their assigns, successors, heirs, agents, offices, directors, members, managers, employees, administrators, subsidiary entities, personal representatives and attorneys, do hereby release and forever discharge

---

[1] If any discrepancy exists between this summary and the Agreement, the terms in the Agreement, a copy of which is attached hereto as **Exhibit "A"**, shall control.

2

each other, and each of their assigns, successors, heirs, agents, officers, directors, members, managers, employees, administrators, subsidiary entities, personal representatives and attorneys, from any and all actions or causes of action in law or in equity, suits, debts, claims, rejection damages claims, liens, contracts, agreements, promises, guarantees, liabilities, claims, set offs, refunds, demands, overpayments, losses, costs, expenses and rights of any other nature, known or unknown, fixed or contingent, from the beginning of time to the date hereof; however, nothing contained in this paragraph shall release the Parties from their respective covenants, obligations and agreements set forth in this Agreement, or any other documents executed pursuant to this Agreement.

## BASIS FOR RELIEF REQUESTED

### *The Agreement Satisfies the Justice Oaks Factors*

5.  Through this motion, the Parties request that this Court enter an Order approving the Agreement to permit the amicable resolution of claims between them. "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). As a matter of policy, compromises and settlements are favored in order to minimize litigation and expedite the administration of the bankruptcy estate. *Munford v. Munford (In re Munford, Inc.)*, 97 F.3d 449, 455 (11th Cir. 1996).

6.  When considering settlements for approval under Bankruptcy Rule 9019, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998); *In re Gallagher*, 283 B.R. 342, 346 (Bankr. M.D. Fla. 2002). The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005). These factors are as follows: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; and (iv) paramount interests of creditors and proper deference to their reasonable views. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990).

7. It is not necessary for a bankruptcy court to explicity consider all four *Justice Oaks* factors when approving a proposed settlement. *Chira v. Saal, et al.* (*In re Chira*), 567 F.3d 1307, 1313 (11th Cir. 2009) (affirming bankruptcy court's approval of settlement agreement where bankruptcy court explicitly evaluated only two of the four Justice Oaks Factors.) Also, a bankruptcy court is not obligated to actually rule on the merits of the various claims or conduct a "mini trial" on the merits of the underlying action. *In re Van Diepen, P.A.*, 236 F. Appx. 498, 503 (11th Cir. 2007) see also, *In re Soderstrom*, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012). Rather, settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

8. The Parties submit that the Agreement overwhelmingly satisfies the *Justice Oaks* factors. The Agreement is the product of arms-length settlement discussions and negotiations between the Parties. The Parties submit that the Agreement is the direct result of the exercise of their business judgment and is in the best interests of the Debtor's estate when considering the uncertainties, significant expense, and potential delay involved in resolving the various claims between them.  As such, the Parties believe that the compromise set forth in the Agreement is reasonable and falls well above the lowest point on the range of reasonableness as required by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and applicable case law. *See Id*. at 1016 (quoting *In re W.T. Garant Co*., 699 F.2d 599 (2d Cir. 1983). The Parties' analysis of the applicable *Justice Oaks* factors is set forth in further detail below.

9. ***The Probability of Success in the Litigation***. The first *Justice Oaks* factor reflects the Supreme Court's view that a court should form an "intelligent and objective opinion" of the probability of success in the underlying litigation and inherent costs in such litigation. *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

In fact, some courts have identified this factor as most important in determining the reasonableness of a settlement under Bankruptcy Rule 9019(a). *In re Adelphia*, 327 B.R. 143, 160 (Bankr. S.D.N.Y. 2005) (This factor. . . is in my view the most important factor, and I weigh it accordingly.").

10. In analyzing this factor, the Parties have considered the potential results which could be obtained with respect to litigation between them. All things considered, Debtor has considered the probability of success and potential costs associated with a potential claim objection and believes that the net benefit to its estate from the Settlement is on par (or greater than) what it could expect if litigation of the claim objection is ultimately pursued to final judgment. The Debtor believes that its analysis of the probability of success and attendant costs of litigation under the first *Justice Oaks* factors supports a finding that the Agreement is fair and equitable and well above the lowest point on the range of reasonableness.

11. ***The Difficulties of Collection***. With respect to the difficulties of collection against Izquierdo, considering the litigation between the Parties concerns a potential claim objection and not an affirmative claim for damages by the Debtor against Izquierdo, the second *Justice Oaks* factor weighs neither in favor of, nor against, a finding that the Agreement is fair and equitable.

12. ***The Complexity of Litigation***.  In evaluating the reasonableness of a settlement, a court should "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *TMT Trailer*, 390 U.S. at 424.

13. Here, litigation between the Parties are not particularly complex, but the Debtor would be forced to incur the costs of litigation if it intended to pursue a claim objection against Izquierdo. The proposed settlement bypasses the possibility of contentious and costly litigation and resolves all issues between the Parties immediately without any substantial fees or costs incurred by

the Debtor. Consequently, Debtor submits that this factor also weighs in favor of approving the Agreement.

14. ***The Interests of the Creditors***. In considering the paramount interest of the creditors, the Debtor necessarily weighed all of the *Justice Oaks* factors. In this case, the Agreement provides an immediate resolution and reduction of claims against the estate without the need to assume the costs or risks of litigating the claim objection to conclusion. Thus, after considering all the attending factors, Debtor believes the proposed settlement is reasonable and in the best interests of its estate and creditors.

*Conclusion*

15. In light of the above, Debtor submits that the Agreement not only surpasses the minimum threshold of reasonableness necessary to warrant approval, but it represents the best possible outcome for the Debtor, its estate, and all creditors.

**WHEREFORE**, the Creditor respectfully request that the Court enter an order approving the proposed settlement, authorizing the parties to consummate the settlement pursuant to the terms of the Agreement, and granting such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 14th day of December, 2022.

/s/ Daniel A. Velasquez
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lathamluna.com
**Latham, Luna, Eden & Beaudine, LLP**
201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800;
Facsimile: 407-481-5801
*Attorneys for the Legacy Pools, LLC*

**TED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

**LEGACY POOLS, LLC,**

CASE NO. 6:22-bk-03123-LVV
CHAPTER 11

*Subchapter V Election*

    **Debtor.**

_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true copy of the foregoing, together with all exhibits, has been furnished either electronically or by facsimile and by U.S. First Class, postage prepaid mail to **Juan Izquierdo,** 2917 Jebidiah Loop, Saint Cloud, Florida 34772, juan18izquierdo@hotmail.com**;** all creditors and parties in interest identified on the attached Local Rule 1007-2 creditor matrix, all parties who receive notice via CM/ECF in the ordinary course; **Subchapter V Trustee, Robert Altman**, PO Box 922, Palatka, Florida 32178, robertaltman@bellsouth.net; and the **U.S. Trustee, c/o Bryan E Buenaventura,** 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, bryan.buenaventura@usdoj.gov,  this 14th day of December, 2022.

                                                      /s/ Daniel A. Velasquez
                                                      Daniel A. Velasquez, Esq.